UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-256-CHL

**DONALD JOE SMITH, JR.,** **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,** **Defendant.**

## MEMORANDUM OPINION AND ORDER

On April 24, 2018, Donald Joe Smith, Jr. ("Smith") filed this lawsuit against the Commissioner. (DN 1.) Smith represented himself throughout the course of the action. On July 31, 2018, the Court ordered Smith to file a memorandum of law and a fact and law summary setting forth his position. (DN 12, at PageID # 875.) Smith has not done so. Accordingly, for the reasons set forth herein, the Court **DISMISSES THIS ACTION WITH PREJUDICE**.

**I. PROCEDURAL BACKGROUND**

Smith initiated this lawsuit on April 24, 2018. (DN 1.) Smith challenged the Commissioner's denial of his application for supplemental security benefits. (DN 10-2, at PageID # 78.) On July 23, 2018, the Commissioner filed an Answer to Smith's Complaint (DN 9) and the Administrative Record of the case (DN 10). On July 27, 2018, Smith consented to United States Magistrate Judge jurisdiction over his case (DN 11). On July 31, 2018, the Court entered an order requiring Smith to submit certain materials within sixty (60) days. (DN 12.) The Court stated as follows:

> 1. Within **sixty (60) days** after the filing of the answer and the administrative record LR 83.11(c)(1), the plaintiff must set forth his/her position by an appropriate memorandum of law specifying, inter alia, the numbered findings of the final decision with which exception is taken and the specific errors alleged. Any such motion/memorandum shall be accompanied by a Fact and Law Summary on form

> supplied by the Court. *Failure of the plaintiff to comply with this provision may constitute grounds for dismissing the complaint.*
>
> …
>
> 5. No extension of time for complying with the terms of this order shall be granted absent a showing of good cause.

(DN 12, at PageID # 875-76 (emphasis added).)

Sixty days after the Commissioner filed an answer and the administrative record was September 21, 2018. Accordingly, the deadline for Smith to file a memorandum of law and fact and law summary was September 21, 2018. Smith did not file anything prior to that deadline.

On November 5, 2018, the Court ordered Smith to "SHOW CAUSE as to why he did not file the required memorandum prior to the deadline imposed by the Court no later than November 19, 2018." (DN 13, at PageID # 879.) Smith did not file anything prior to that deadline.

On December 17, 2018, the Court issued a second show cause order, ordering Smith to "show cause as to why he did not file the required supporting memorandum and fact and law summary in compliance with the Court's July 31, 2018 Order (DN 12) or respond to the Court's November 5, 2018 Order (DN 13)." (DN 14, at PageID # 881.) Additionally, the Court advised Smith of his obligations as a *pro se* plaintiff:

> *Pro se* plaintiffs must comply with court orders and deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A *pro se* plaintiff's failure to comply with court deadlines can lead to dismissal of the complaint. *Id.* Moreover, all *pro se* litigants must provide written notice of a change of residential address, and if different, mailing address, to the Clerk of Court and to the opposing party or its counsel. LR 5.2(e). Failure to notify the Clerk of Court of an address change may result in dismissal of the litigant's case or other appropriate sanctions. *Id.* Smith has not notified the Court of any change in address.

(*Id.* at 880-81.) The Court set a deadline for compliance of January 25, 2019. (*Id.*) The Court noted in its Order that its November 5, 2018 Order had not been returned by the Post Office. (*Id.* at 880.) However, out of an abundance of caution, the Court ordered the Commissioner to advise

the Court if there was any reason to believe the Court's information regarding Smith's address was incorrect. (*Id.* at 881.) The Court received no such notice.

While the Court received no filing from Smith by the January 25, 2019 deadline, all matters to which the United States was a party were stayed from January 4, 2019 to January 28, 2019 pursuant to General Order 2019-01, Amended General Order 2019-01, and General Order 2019-02 due to the government shutdown. Accordingly, on February 5, 2019, the Court entered an order extending Smith's deadline to comply with the Court's Second Show Cause Order through February 19, 2019. (DN 15.) The Court explicitly warned Smith that failure to comply might result in dismissal of his complaint. (*Id.*) Smith did not comply.

To date, Smith has not filed a memorandum of law or a fact and law summary or any response to the Court's show cause orders.

## II. DISCUSSION

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 703 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) and *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. This is true even in cases where the plaintiff is *pro se*. While federal courts generally afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, "the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." *Thomas v. Liles*, No. 3:16-CV-251-JHM, 2016 U.S. Dist. LEXIS

3

124755, *1-2 (W.D. Ky. Sept. 14, 2016) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Here, the Court has repeatedly warned Smith about the potential consequences of failure to comply with Court Orders. The Court gave Smith multiple opportunities to cure his deficiencies, and even attempted to confirm it did not have an incorrect address. Nonetheless, Smith has failed to respond to no less than four orders of the Court causing this matter to stagnate for nearly eight months. Accordingly, the Court finds that it is left with no choice but to dismiss his case, with prejudice, for failure to prosecute and failure to comply with the Court's orders.

## ORDER

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED WITH PREJUDICE**.

cc: Counsel of record

4